# Exhibit 2

# Cobb County Juvenile Court Order, Petition for dependency; referral for service providers; notice of case plan requirements (January 25, 2018)

**IN THE JUVENILE COURT OF
COBB COUNTY, GEORGIA**

IN THE INTEREST OF:

MARTINEZ, EMELIA; SEX-F; AGE-11; DOB: 1-5-07; CASE # 18-CV-0225-03.

MARTINEZ, GABRIELA; SEX-F; AGE-13; DOB: 12-7-04; CASE # 18-CV-0226-03.

MARTINEZ, ~~JASMIN~~ Jasmine; SEX-F; AGE-14 DOB: 8-26-03; CASE # 18-CV-0227-03.

MORAN, LILYROSE; SEX-F; AGE-2; DOB: 3-27-15; CASE # 18-CV-0222-03.

MORAN, NATALYA; SEX-F; AGE-6; DOB: 9-28-11; CASE # 18-CV-0223-03.

MORAN, VALENTINA; SEX-F; AGE-8; DOB: 4-3-09; CASE # 18-CV-0224-03.

**Petition for dependency pursuant to O.C.G.A. § 15-11-150; referral for service**

**providers; notice of case plan requirements; and motion for parent to submit an affidavit**

**for relative search.**

Pursuant to O.C.G.A. § 15-11-150 and 15-11-152, the Georgia Department of Human

Services, acting through the Cobb County Department of Family and Children Services, files a

petition for dependency and shows by information and belief that the above named children are

believed to suffer from abuse, neglect, and/or abandonment. The department shows that it is in the

best interests of the children and the public that the petition for dependency be filed.

The mother of the child is **Analinda Martinez** who is essentially homeless within Cobb

County, Georgia.

The alleged biological father of the child (Emelia Martinez) is Pedro Montanez

who resides at Whereabouts unknown.

The alleged biological father of the child (Gabriela Martinez) is Pedro Montanez

**EDWARDS, FRIEDEWALD & GRAYSON**
272 Washington Avenue • Marietta, Georgia 30060 • Phone (770) 424-2420 • Fax (770) 424-4919

*Case Name:*                                                                    1

who resides at _Whereabouts unknown_

The alleged biological father of the child (~~Jasmin~~ Jasmine Martinez) is _Pedro Martinez_

who resides at _Unknown_

The alleged biological father of the child (Lilyrose Moran) is _Monu Ojha_

who resides at _India - has never been to U.S._

The alleged biological father of the child (Natalya Moran) is _Edwin Oswaldo Moran_

who resides at _Cobb ADC_

The alleged biological father of the child (Valentina Moran) is _Edwin Stanley Moran_

who resides at _Unknown_

The children reside in the primary custodial care of the mother. The children are essentially homeless within Cobb County, Georgia.

**The facts which bring the children within the dependency jurisdiction of the Juvenile Court of Cobb County, Georgia, include the following which show the children are abused, neglected, and/or abandoned and in need of protection from this court:**

The children are minor residents of and/or physically present within Cobb County, Georgia.

On January 23, 2018, the children were taken into protective custody and detained in the temporary custody of the Cobb County Department of Family and Children Services pursuant to authorization by an intake officer with the Juvenile Court of Cobb County, Georgia due in part to the children being physically located within Cobb County, Georgia without a parent who can provide proper shelter, supervision and other necessities for the

**EDWARDS, FRIEDEWALD & GRAYSON**
272 Washington Avenue ° Marietta, Georgia 30060 ° Phone (770) 424-9420 ° Fax (770) 424-6351

Case Name:

2

children. The mother is reportedly homeless with no means or ability to provide proper care for the children's daily shelter and all other necessities of life. The parental responsibilities and obligations owed to the children by the father appear to have been effectively abandoned as the father is not believed to be providing for the children in any manner whatsoever. The mother's complete lack of means and ability to provide proper care for the children's necessities of life causes concern that the mother's parental inabilities may be related to substance abuse and/or mental health disorder.

The department seeks a hearing to determine whether the children are dependent based on the above circumstances, and, if so whether such circumstances warrant a disposition placement apart from a parent.

The children reside and/or are physically located within Cobb County, Georgia, or an element of the circumstance of dependency occurred within Cobb County, Georgia, making the child subject to the dependency jurisdiction of the Juvenile Court of Cobb County, Georgia.

That, pursuant to O.C.G.A. § 15-11-103, the court appoint counsel for the children as said code section provides that counsel must be provided for children in any proceeding alleging dependency.

That, pursuant to O.C.G.A. § 15-11-104, the court appoint a guardian ad litem for the children as said code provides that a guardian ad litem be provided for children in any proceeding alleging dependency.

That, pursuant to O.C.G.A. § 15-11-104 (d), the court appoint a court appointed special advocate as said code section provides that a court appointed special advocate shall be appointed to act as guardian ad litem whenever possible.

That, pursuant to O.C.G.A. § 15-11-240, the court appoint a guardian for the children upon adjudication of dependency with such guardianship remaining in full force and effect as to the children until age eighteen or set aside by future order of this court.

That, pursuant to O.C.G.A. §§ 15-11-160, 15-11-161 and 15-11-36 (5), the court issue summons upon the parties and charge any expense of service upon the funds of the county.

That, pursuant to O.C.G.A. §§ 15-11-36 and 15-11-36 (c), the court issue an order requiring the parents to reimburse all or part of the costs and expenses incurred for

treatment, care, and support of the children including but not limited to reimbursement of foster care per diem payments made in order to secure housing for the children.

That, pursuant to O.C.G.A. §§ 15-11-36 (b) and 15-11-212, the court issue an order charging as an expense to the county the cost of any counseling and counsel and advice required or provided under the provisions of code section 15-11-212.

That, pursuant to O.C.G.A. § 15-11-212 (a) (2) (D), the court consider placement of the children in the temporary custody of any individual residing in another state as deemed appropriate by the court under said code section.

That, pursuant to O.C.G.A. § 15-11-67 (2), a Cobb County Juvenile Court Probation Officer be assigned to the children to provide protective supervision for said children.

That, pursuant to O.C.G.A. § 15-11-700 (c), the court close the hearings in the above dependency action. The department shows that it is in the best interests of the children to close the hearings as the allegation of dependency will likely require therapeutic counseling to attempt a reunification of the family. In the case of *State v. Herendeen, 279 Ga. 323, 613 S.E.2d 647 (May 23, 2005)*, the Supreme Court of Georgia acknowledges that "*confidentiality is a sine qua non for successful psychotherapeutic treatment since a psychotherapist's ability to help a patient is completely dependent upon the patient's willingness and ability to talk freely, and assurances of confidentiality and privilege foster the psychotherapist's ability to function.*" The department shows that the successful rehabilitative counseling therapy which the juvenile court is likely to attempt in reunification of the subject family requires a similar degree of confidentiality as noted by the Georgia Supreme Court as the parent and children need the assurance of talking freely about the parental deficiencies which bring the children to the attention of the court. The department further shows that the parent and children are likely to become involved in rehabilitative counseling therapy as a result of the above action and a closed hearing will provide more confidentiality than a hearing open to the public which in turn will provide a better opportunity for successful rehabilitative counseling therapy that is in the best interest of the children in attempting to preserve and maintain the family unit. In addition, the trial of a dependency case requires the juvenile court to hear evidence concerning the physical, mental, emotional, psychiatric and psychological health of children over whom it has jurisdiction and to hear evidence concerning the Protected Health Information of their parents, custodians, guardians and other caregivers in order to determine whether those persons are capable of providing proper parental care, supervision and control for children in all dependency hearings and reviews before the court. The department further shows that a closed hearing provides the best protection for an unlawful disclosure of the Protected Health Information of the children and parents which is deemed confidential under The Health Insurance Portability and Accountability Act ("HIPAA") of 1996.

The department also herein provides the following written list of referrals for service providers to show ongoing reasonable efforts taken to assist the parent(s) in eliminating the need to separate the family, prevent the child(ren) from being taken into custody, eliminate the need for removal of the child(ren) from the home and to reunify with family at the earliest possible time, make it possible to return the child(ren) home, to prevent or eliminate the need for the removal of the child(ren) from the home and to make it possible for the child(ren) to return safely home, to prevent placement of the child(ren) in foster care, to preserve or reunify the family prior to the placement of the child(ren) in the department's custody to prevent the need for

removing the child(ren) from the home, and to eliminate the need for removal of the child from the home and to reunify the child(ren) with family at the earliest possible time. The parent is encouraged to contact the various service providers in consultation with their retained or appointed attorney in order to develop a strategy to address and remedy the legal issues arising from the petition for dependency filed in the above action :

**Cobb County & Douglas County Community Services Board** [child and adolescent healthcare, pharmacy, mental health, residential services, substance abuse (addictive diseases), and supported employment]: Access Center Services for Intake Appointments and Information: 770-422-0202; Administrative Offices: 3830 South Cobb Drive, Suite 300, Smyrna, GA 30080, 770-429-5000; Stabilization Unit: 5400 South Cobb Drive, SE, Atlanta, GA 30339, 404-794-4857; Outpatient Services: 1650 County Services Parkway, Marietta, GA 30008, 770-514-2422; Recovery Center and Residential Services: 331 North Marietta Parkway, Marietta, GA 30060, 770-499-2422; The Circle and Integrated Health Services Program: 6133 Love Street, Austell, GA 30168; Developmental Disabilities: 2051 Greenridge Street, Smyrna, GA 30080, 770-434-7911; Hartmann Center – Adolescent Residential Program, 729 Lawrence Street, Marietta, GA 30060, 770-971-7801 and 770-422-0202; Supported Employment, 2051 Greenridge Street, Smyrna, GA 30080, 770-434-7911.

**Cobb and Douglas Public Health** [providing a wide range of exceptional cost effective health services to both adults and children along with an extensive referral network to any additional medical or social services needed]: 1650 County Services Parkway, Marietta, GA 30008, 770-514-2300.

**The Extension** [substance abuse treatment]: 1507 Church Street Ext. NW, Marietta, GA 30060, 770-590-9075.
**Alcoholics Anonymous:** 404-525-3178.    **Cocaine Anonymous:** 404-255-7787.    **Narcotics Anonymous:** 770-421-8881.
**Cobb Recovery Center:** 770-499-2422.    **Cobb Juvenile Court Intake Substance Abuse Screening:** 770-528-2238
**Georgia Crisis and Access Line** 1-800-715-4225.
**Safe House Outreach:** 404-523-2221.
**Mothers Making a Change:** 770-499-2422.
**Odyssey III:** [transitional housing for women and children, recovery program for men]: 404-659-3390.
**Marietta Housing Authority** [shelter]: 95 Cole Street, NE, Marietta, GA 30060.
**Acworth Housing Authority** [shelter]: 770-974-3012.
**Battered Women's 24-hour help line** [rape crisis counseling, shelter, support groups] 770-427-3390.
**YMCA battered women's shelter:** 770-427-3390 .
**Cobb Works, Inc.** [employment and training]: 463 Commerce Park Drive, SE, #100, Marietta, GA 30060.
**Cobb County Circuit Defender's Office** [appointment of legal counsel in dependency case]:   770-528-3378.
**Legal Aid of Cobb County:** 770-528-2565.
**Temporary Protective Order Advocate in Cobb County:** 770-528-8024.
**Tommy Nobis Center** [employment for disabled individuals]: 770-427-9000.
**MUST Marietta** [employment services]: 770-427-9862.          **MUST Smyrna** [employment services]: 770-436-9514.
**MUST (The Elizabeth Inn)** [emergency shelter]: 770-427-9862.
**Center for Family Resources** [employment services, GED classes]: 770-428-2601.
**Child support enforcement in-state parents:** 404-921-1490.
**HealthCare.gov**  [for mandated health insurance enrollment under The Affordable Healthcare Act which can provide access to various service providers to address issues including but not limited to mental health treatment, substance abuse treatment, medical care, and counseling services].

After identifying the list of such service providers, the department also shows that "it is well settled that DFCS has no legal obligation to provide the assistance necessary for a parent to complete reunification goals." *See In the Interest of M.A., et al., 287 Ga.App. 719, 652 S.E.2nd 613 (Oct. 2, 2007).*

**EDWARDS, FRIEDEWALD & GRAYSON**

272 Washington Avenue * Marietta, Georgia 30060 * Phone (770) 424-8420 * Fax (770) 424-6319

Case Name:                                                                                                                                5

**Notice of intended written report pursuant to Official Code of Georgia Section 15-11-200.**
        The Cobb County Department of Family and Children Services also hereby files this notice
to the court, the parent, and other parties of the department's intent to develop a case plan for
reunification of the family pursuant to Official Code of Georgia Section 15-11-200 (a) (1).
        While a further case plan may be developed during a meeting scheduled pursuant to
Official Code of Georgia Section 15-11-200 (a) (1) with the intent of addressing various issues
including but not limited to those set forth herein and below, the department moves the court to
schedule a hearing as contemplated under Official Code of Georgia Section 15-11-200 (d) (3) so
that the court may review what counseling services (*see O.C.G.A. § 15-11-212 (a) (4)*);
educational programs (*see O.C.G.A. § 15-11-212 (a) (5)*); parenting classes (*see O.C.G.A. §
15-11-212 (a) (5)*); substance abuse treatment (*see O.C.G.A. § 15-11-212 (f)*); substance abuse
testing (*see O.C.G.A. § 15-11-212 (f)*); and physical, psychological and/or psychiatric examination
(*see O.C.G.A. § 15-11-101 (e)*)); for the parents and evaluations and treatments (*see O.C.G.A. §§
15-11-212 (a) (4), 15-11-36 (a) (1), and 15-11-101 (a through d)*); for the child(ren) are deemed
by the court to be essential (*see O.C.G.A. § 15-11-200 (3)*) in reunifying the family.
        After identifying the specific services, programs, classes, treatment and other requirements
as designated essential by the court in reunifying the family, the department seeks a further
determination from the court as to what specific counseling services, educational programs,
parenting classes, substance abuse treatment, substance abuse testing and/or other requirements
are going to be Ordered by the court to be completed by the parents and/or child(ren) under the
court's limited authority pursuant to Official Code of Georgia Sections 15-11-212 (a) (4) and (5),
and (f); 15-11-36 (a) (1) and (6); and 15-11-101, and whether the court is going to certify the cost
of such counseling services, educational programs, parenting classes, substance abuse treatment,
and/or substance abuse testing as mandated expenses against the county pursuant to Official Code
of Georgia Section 15-11-36 (a) (6). *See also In re J.S., 282 Ga. 623, 652 S.E.2d 547 (2007)
wherein the Georgia Supreme Court held that expenses incurred by the department of juvenile
justice for medical treatment given to a juvenile were deemed "subsistence" of the juvenile, and,
therefore chargeable to the county rather than the department; and In re A.G., 298 Ga.App. 804,
681 S.E.2d 649 (2009) wherein the Georgia Court of Appeals held that the county, rather than the
department, was responsible for medical expenses incurred by a juvenile temporarily placed by
the juvenile court in the custody of the department.*
The department asserts that the ability to implement any reunification plan approved by the court
under Official Code of Georgia Section 15-11-212 (a) (6) will be extremely hampered if the court
does not certify as a charge upon the funds of the county the cost of rehabilitative services for the
parent and/or examination and treatment of the child(ren) under Official Code of Georgia Section
15-11-36 (a) (1) and (6). In considering the availability of services recommended in the case plan
as set forth under Official Code of Georgia Section 15-11-213 (2), it cannot be reasonably
expected that the court's approved case plan of reunification under Official Code of Georgia
Section 15-11-212 (a) (6) will be successfully implemented if the court refuses to certify the cost
for the reunification services as an expense against the county under the mandated provisions of
Official Code of Georgia Section 15-11-36 (a) (1) and (6). **The quality of the court's approved
case plan of reunification is directly dependent upon how much money the court is willing to**

**EDWARDS, FRIEDEWALD & GRAYSON**
272 Washington Avenue * Marietta, Georgia 30060 * Phone (770) 424-8420 * Fax (770) 424-6319

Case Name:

certify as an expense against the county in order to remedy the dysfunction which causes the child(ren) to be dependent. If the amount certified by the court for rehabilitative services is zero, then the quality of the court's approved case plan of reunification is likely to be of similar value. [Emphasis added]. The limited authority of the juvenile court does not include the power to order an agency of the state, such as the department, to pay for a parent's rehabilitative counseling as no code section exists within the juvenile code which grants such authority to the juvenile court.

In addition *see In the Interest of M.A., et al., 287 Ga.App. 719, 652 S.E.2nd 613 (Oct. 2, 2007)* wherein the Court of Appeals of Georgia held that "it is well settled that DFCS has no legal obligation to provide the assistance necessary for a parent to complete reunification goals."

### Intended issues to be addressed in the written report pursuant to O.C.G.A. § 15-11-200 (a) (1):

(1) **The parent needs to establish and/or maintain stable housing appropriate to provide for the child(ren)'s shelter.**

The person responsible for accomplishing this requirement is the parent. If the parent cannot obtain housing of their choice through the private market place, then the parent may seek assistance in establishing housing by contacting friends, family members, and/or community service providers including but not limited to the following community service providers referred by the department of family and children services: Marietta Housing Authority: 95 Cole Street, NE, Marietta, GA 30060; Acworth Housing Authority: 770-974-3012; Odyssey III: 404-659-3390; Battered Women's 24-hour help line: 770-427-3390; YMCA battered women's shelter: 770-427-3390; and MUST (The Elizabeth Inn): 770-427-9862.

(2) **The parent needs to establish and/or maintain stable employment appropriate to provide for the child(ren)'s necessities of life.**

The person responsible for accomplishing this requirement is the parent. If the parent cannot obtain employment of their choice through the private market place, then the parent may seek assistance in establishing employment by contacting friends, family members, and/or community service providers including but not limited to the following community service providers referred by the department of family and children services: Cobb Works, Inc.: 463 Commerce Park Drive, SE, #100, Marietta, GA 30060; MUST Marietta: 770-427-9862; MUST Smyrna: 770-436-9514; and Center for Family Resources: 770-428-2601.

(3) **The parent needs to complete a parenting class program and demonstrate a successful understanding of the program material so as to improve their parenting skills to insure the circumstance of adjudicated dependency is remedied and does not reoccur in the future.**

The person responsible for accomplishing this requirement is the parent. The parent can seek to arrange, schedule and pay for such program under their health insurance as mandated through the Affordable Health Care Act. If the parent does not have health insurance under the Affordable Health Care Act, then the parent can seek to obtain such insurance by contacting HealthCare.gov. If the parent cannot arrange, schedule and pay for such program through their mandated health insurance under the Affordable Health Care Act, then the parents can file a motion with the Juvenile Court of Cobb County, Georgia under O.C.G.A. § 15-11-36 so as to

### EDWARDS, FRIEDEWALD & GRAYSON
272 Washington Avenue * Marietta, Georgia 30060 * Phone (770) 424-2420 * Fax (770) 424-6314

request that the court certify as a charge upon the county the cost of completing such program. If the court refuses to certify funds against the county under O.C.G.A. § 15-11-36 for the parent to complete such program, then the parent may seek assistance in completing such program by contacting community service providers including but not limited to the following community service providers referred by the department of family and children services: Cobb County & Douglas County Community Services Board: 770-422-0202; and Cobb and Douglas Public Health: 1650 County Services Parkway, Marietta, GA 30008 (770-514-2300).

If the parent cannot complete the above program due to lack of coverage under the Affordable Health Care Act, refusal of the court to certify the cost against the funds of the county, and/or inability of any community service provider to provide the above service, then the parent can request whether the department can arrange within its limited budget the funds necessary to complete the above program. If the department chooses to become the payor of last resort in order for the parent to complete the above reunification requirement, then any effort made by the department to assist the parent in completing the above requirement would be an action over and above those efforts normally considered as a reasonable effort to assist in reunifying the family unit given the refusal of the court to fulfill its statutory duty to pay for such reunification service along with the failure of the parent to coordinate payment and completion of such service through mandated health insurance and/or reduced cost service providers within the community and the department having no statutory obligation to pay for and/or assist the parent in actual completion of reunification goals.

(4) **The parent needs to complete a psychological evaluation and follow any recommended treatment so as to insure the circumstance of adjudicated dependency is remedied and does not reoccur in the future.**

The person responsible for accomplishing this requirement is the parent. The parent can seek to arrange, schedule and pay for such requirement under their health insurance as mandated through the Affordable Health Care Act. If the parent does not have health insurance under the Affordable Health Care Act, then the parent can seek to obtain such insurance by contacting HealthCare.gov. If the parent cannot arrange, schedule and pay for such requirement through their mandated health insurance under the Affordable Health Care Act, then the parent can file a motion with the Juvenile Court of Cobb County, Georgia under O.C.G.A. § 15-11-36 so as to request that the court certify as a charge upon the county the cost of completing such requirement. If the court refuses to certify funds against the county under O.C.G.A. § 15-11-36 for the parent to complete such requirement, then the parent may seek assistance in completing such program by contacting community service providers including but not limited to the following community service providers referred by the department of family and children services: Cobb County & Douglas County Community Services Board: 770-422-0202; and Cobb and Douglas Public Health: 1650 County Services Parkway, Marietta, GA 30008 (770-514-2300 and 770-514-2422).

If the parent cannot complete the above requirement due to lack of coverage under the Affordable Health Care Act, refusal of the court to certify the cost against the funds of the county, and/or inability of any community service provider to provide the above service, then the parent can request whether the department can arrange within its limited budget the funds necessary to complete the above requirement. If the department chooses to become the payor of last resort in

order for the parent to complete the above reunification requirement, then any effort made by the department to assist the parent in completing the above requirement would be an action over and above those efforts normally considered as a reasonable effort to assist in reunifying the family unit given the refusal of the court to fulfill its statutory duty to pay for such reunification service along with the failure of the parents to coordinate payment and completion of such service through mandated health insurance and/or reduced cost service providers within the community and the department having no statutory obligation to pay for and/or assist the parent in actual completion of reunification goals.

(5) **The parent needs to complete a counseling assessment for issues including but not limited to domestic violence and/or anger management and follow any recommended treatment so as to insure the circumstance of adjudicated dependency is remedied and does not reoccur in the future.**

The person responsible for accomplishing this requirement is the parent. The parent can seek to arrange, schedule and pay for such requirement under their health insurance as mandated through the Affordable Health Care Act. If the parent does not have health insurance under the Affordable Health Care Act, then the parent can seek to obtain such insurance by contacting HealthCare.gov. If the parent cannot arrange, schedule and pay for such requirement through their mandated health insurance under the Affordable Health Care Act, then the parent can file a motion with the Juvenile Court of Cobb County, Georgia under O.C.G.A. § 15-11-36 so as to request that the court certify as a charge upon the county the cost of completing such requirement. If the court refuses to certify funds against the county under O.C.G.A. § 15-11-36 for the parent to complete such requirement, then the parent may seek assistance in completing such program by contacting community service providers including but not limited to the following community service providers referred by the department of family and children services: Cobb County & Douglas County Community Services Board: 770-422-0202; and Cobb and Douglas Public Health: 1650 County Services Parkway, Marietta, GA 30008 (770-514-2300 and 770-514-2422).

If the parent cannot complete the above requirement due to lack of coverage under the Affordable Health Care Act, refusal of the court to certify the cost against the funds of the county, and/or inability of any community service provider to provide the above service, then the parent can request whether the department can arrange within its limited budget the funds necessary to complete the above requirement. If the department chooses to become the payor of last resort in order for the parent to complete the above reunification requirement, then any effort made by the department to assist the parent in completing the above requirement would be an action over and above those efforts normally considered as a reasonable effort to assist in reunifying the family unit given the refusal of the court to fulfill its statutory duty to pay for such reunification service along with the failure of the parent to coordinate payment and completion of such service through mandated health insurance and/or reduced cost service providers within the community and the department having no statutory obligation to pay for and/or assist the parent in actual completion of reunification goals.

(6) **The parent needs to complete a substance abuse assessment and follow any recommended treatment so as to insure the circumstance of adjudicated dependency is remedied and does not reoccur in the future.**

**EDWARDS, FRIEDEWALD & GRAYSON**
272 Washington Avenue * Marietta, Georgia 30060 * Phone (770) 424-8420 * Fax (770) 424-6319

Case Name:

The person responsible for accomplishing this requirement is the parent. The parent can seek to arrange, schedule and pay for such requirement under their health insurance as mandated through the Affordable Health Care Act. If the parent does not have health insurance under the Affordable Health Care Act, then the parent can seek to obtain such insurance by contacting HealthCare.gov. If the parent cannot arrange, schedule and pay for such requirement through their mandated health insurance under the Affordable Health Care Act, then the parent can file a motion with the Juvenile Court of Cobb County, Georgia under O.C.G.A. § 15-11-36 so as to request that the court certify as a charge upon the county the cost of completing such requirement. If the court refuses to certify funds against the county under O.C.G.A. § 15-11-36 for the parent to complete such requirement, then the parent may seek assistance in completing such program by contacting community service providers including but not limited to the following community service providers referred by the department of family and children services: Cobb County & Douglas County Community Services Board: 770-422-0202; Cobb and Douglas Public Health: 1650 County Services Parkway, Marietta, GA 30008 (770-514-2300 and 770-514-2422); The Extension: 1507 Church Street Ext., NW, Marietta, GA 30060 (770-590-9075); Alcoholics Anonymous: 404-525-3178; Cocaine Anonymous: 404-255-7787; Narcotics Anonymous: 770-421-8881; Cobb Recovery Center: 770-499-2422; Georgia Crisis and Access Line: 1-800-715-4225; Safe House Outreach: 404-523-2221; Mother's Making a Change: 770-499-2422; and Odyssey III: 404-659-3390.

If the parent cannot complete the above requirement due to lack of coverage under the Affordable Health Care Act, refusal of the court to certify the cost against the funds of the county, and/or inability of any community service provider to provide the above service, then the parent can request whether the department can arrange within its limited budget the funds necessary to complete the above requirement. If the department chooses to become the payor of last resort in order for the parent to complete the above reunification requirement, then any effort made by the department to assist the parent in completing the above requirement would be an action over and above those efforts normally considered as a reasonable effort to assist in reunifying the family unit given the refusal of the court to fulfill its statutory duty to pay for such reunification service along with the failure of the parent to coordinate payment and completion of such service through mandated health insurance and/or reduced cost service providers within the community and the department having no statutory obligation to pay and/or assist the parent in actual completion of reunification goals.

(7) **The parent needs to complete substance abuse testing, including but not limited to drug testing by hair follicle examination, and provide evidence to the court as to the results from all such testing in order to show maintained sobriety so as to insure the circumstance of adjudicated dependency is remedied and does not reoccur in the future**.

The person responsible for accomplishing this requirement is the parent. The parent can seek to arrange, schedule and pay for such requirement under their health insurance as mandated through the Affordable Health Care Act. If the parent does not have health insurance under the Affordable Health Care Act, then the parent can seek to obtain such insurance by contacting HealthCare.gov. If the parent cannot arrange, schedule and pay for such requirement through their

mandated health insurance under the Affordable Health Care Act, then the parent can file a motion with the Juvenile Court of Cobb County, Georgia under O.C.G.A. § 15-11-36 so as to request that the court certify as a charge upon the county the cost of completing such requirement. If the court refuses to certify funds against the county under O.C.G.A. § 15-11-36 for the parent to complete such requirement, then the parent may seek assistance in completing such program by contacting community service providers including but not limited to the following community service providers referred by the department of family and children services: Juvenile Court of Cobb County, Georgia intake office: 770-528-2238; Cobb County Drug Treatment Laboratory: 32 Waddell Street, Marietta, GA (678-261-5869); Any Laboratory Test: 4774 Lower Roswell Road, Suite 100, Marietta, GA 30068 (678-236-5252); Cobb County Cobb County & Douglas County Community Services Board: 770-422-0202; Cobb and Douglas Public Health: 1650 County Services Parkway, Marietta, GA 30008 (770-514-2300 and 770-514-2422); The Extension: 1507 Church Street Ext., NW, Marietta, GA 30060 (770-590-9075); Cobb Recovery Center: 770-499-2422; Georgia Crisis and Access Line: 1-800-715-4225; Mother's Making a Change: 770-499-2422; and Odyssey III: 404-659-3390.

If the parent cannot complete the above requirement due to lack of coverage under the Affordable Health Care Act, refusal of the court to certify the cost against the funds of the county, and/or inability of any community service provider to provide the above service, then the parent can request whether the department can arrange within its limited budget the funds necessary to complete the above requirement. If the department chooses to become the payor of last resort in order for the parent to complete the above reunification requirement, then any effort made by the department to assist the parent in completing the above requirement would be an action over and above those efforts normally considered as a reasonable effort to assist in reunifying the family unit given the refusal of the court to fulfill its statutory duty to pay for such reunification service along with the failure of the parent to coordinate payment and completion of such service through mandated health insurance and/or reduced cost service providers within the community and the department having no statutory obligation to pay for and/or assist the parent in actual completion of reunification goals.

### (8) The child(ren) will comply with any medical and other examinations and treatment as ordered by the court.

The person responsible for accomplishing this requirement is the assigned judge by certification of the cost of any ordered medical and/or other examinations as a charge upon the funds of the county pursuant to Official Code of Georgia 15-11-36 (a) (1). Once such examinations are ordered by the court with costs certified by the assigned judge as a charge upon the funds of the county, the temporary custodian will then arrange such examination and/or treatment.

### (9) The child(ren) will comply with any counseling as ordered by the court.

The person responsible for accomplishing this requirement is the assigned judge by certification of the cost of any ordered counseling as a charge upon the funds of the county pursuant to Official Code of Georgia 15-11-36 (a) (1). Once such counseling is ordered by the court with costs certified by the assigned judge as a charge upon the funds of the county, the temporary custodian will then arrange such ordered counseling.

### (10) The parent will obtain legal representation, whether privately retained or

seek appointed counsel, in order to have an attorney who can assist in developing their legal strategy in how they can successfully complete the courts approved reunification requirements.

The person responsible for accomplishing this requirement is the parent. If the parent cannot retain an attorney of their choosing through the private market place, then the parent can fill out an application with the circuit defenders office to see if they qualify for appointment of counsel and/or the parent can contact the legal aid office to determine whether they can obtain legal representation at a reduced or no cost. The parent may contact the Cobb County Circuit Defender's Office at 770-528-3378. The parent may contact the Cobb County Legal Aid Office at 770-528-2565.

(11)    **The child(ren) will be provided an appropriate place to live while under the disposition authority of the court.**

The person responsible for accomplishing this requirement is the temporary custodian appointed by the juvenile court. By assuming responsibility for accomplishing such requirement, the temporary custodian does not waive the mandated responsibility of the court to certify the cost for such requirement as an expense upon the county pursuant to Official Code of Georgia Section 15-11-36 (a) (2).

(12)    **The child(ren) will be provided appropriate food, clothing and other necessities while under the disposition authority of the court.**

The person responsible for accomplishing this requirement is the temporary custodian appointed by the juvenile court. By assuming responsibility for accomplishing such requirement, the temporary custodian does not waive the mandated responsibility of the court to certify the cost for such requirement as an expense upon the county pursuant to Official Code of Georgia Section 15-11-36 (a) (2).

(13)    **The child(ren) will be provided care, protection, training, and education for the child(ren)'s physical, mental, and moral welfare while under the disposition authority of the court.**

The person responsible for accomplishing this requirement is the temporary custodian appointed by the juvenile court. By assuming responsibility for accomplishing such requirement, the temporary custodian does not waive the mandated responsibility of the court to certify the cost for such requirement as an expense upon the county pursuant to Official Code of Georgia Section 15-11-36 (a) (2).

(14)    **A parent will visit with the child(ren).**

The person responsible for accomplishing this requirement is the temporary custodian appointed for the child(ren) along with the parent. The visitation will be at a location as designed by the temporary custodian so that the parental interaction may be supervised given that the parent has willfully acted or willfully failed to act in an manner that has resulted in an adjudication of dependency, which is the statutory definition of the crime of contributing the dependency of a minor child(ren) pursuant to Official Code of Georgia 16-12-1 (b) (3), and resulted in the need to remove the child(ren) from the custody of the parent in order to safeguard and protect the child(ren). As the parent makes progress with the case plan requirements they may petition the court for a hearing to determine whether less restrictive visitation is warranted due to significant

completion with the case plan requirements which are designed to remedy the parental dysfunction and/or inabilities that has required the removal of the child(ren) from the parent's custodial care.

(15)    **The parent will financially support their child(ren).**

The person responsible for accomplishing this requirement is the parent. The parent shall be responsible for reimbursing to the temporary custodian all costs and expenses for treatment, care and support of the child(ren) while placed apart from the parent's custody as contemplated pursuant to Official Code of Georgia Section 15-11-36 (c). By requiring the parent to reimburse such costs and expenses, the temporary custodian does not waive the mandated responsibility of the court to certify such costs and expenses as an expense upon the county pursuant to Official Code of Georgia Section 15-11-36 (a) (1) and (2).

(16)    **The parent will resolve any pending criminal charge.**

The person responsible for accomplishing such requirement is the parent who has a pending criminal charge. Upon resolution of any pending criminal charge, the parent with such charge will present evidence demonstrating that their behavior arising from such criminal charge no longer presents a danger to the child(ren).

(17)    **The parent will keep the court updated with their current mailing and resident address and phone number.**

The person responsible for accomplishing such requirement is the parent. The parent will submit for filing with the clerk of the court a written document with the style of the case and case number which document shall contain their current mailing address, current resident address, and current phone number. The parent will file such written document anytime there is a change to their mailing address, resident address, and/or phone number. A failure to maintain such updated information may be construed by the court at subsequent hearings to be a waiver of service in regard to any hearings associated with or arising from the adjudicated dependency case including but not limited to disposition hearings, periodic review hearings, permanency hearings, proceedings to review and/or modify case plan requirements, and/or review foster care placement changes.

(18)    **The parent will provide contact information for any relative who has a genuine interest, desire, and ability to be evaluated as an alternative temporary custodian for the child(ren).**

The person responsible for accomplishing this requirement is the parent. The parent will file a written document anytime they know of a relative who has a genuine interest, desire, and ability to be evaluated by the court as an alternative temporary custodian for the child(ren). The parent will submit for filing with the clerk of the court a written document with the style of the case and case number which document shall contain the full name and current mailing address, current resident address, and current phone number of any relative who has a genuine interest, desire, and ability in being evaluated by the court as an alternative custodial caretaker for the child(ren). The parent's failure to file such document may be construed by the court as an admission that no relative exists who has a genuine interest, desire, and ability to be evaluated as an alternative custodial caretaker for the children. The parent also will issue a subpoena to any relative who has a genuine interest, desire, and ability to be evaluated by the court as an alternative custodial caretaker for the child(ren) so that such relative will appear before the court to confirm their

interest in being evaluated as an alternative custodial caretaker for the child(ren). By requiring the parent to serve such subpoena upon their relative who may have an interest in being evaluated as an alternative custodial caretaker, the mandated responsibility of the court to certify the cost for service of subpoenas as an expense upon county, pursuant to Official Code of Georgia Section 15-11-36 (a) (5), is not waived.

### (19) Controlling case plan provisions.

Any case plan subsequently submitted by the department which contains recommended provisions contrary to the intended reunification rehabilitation requirements and responsibilities as set forth herein and above within headings numbered (1) through (19) shall be deemed to be modified and amended so as to conform to the intended reunification rehabilitation requirements and responsibilities set forth herein.

## Motion for parent to submit an affidavit for relative search.

The department moves the court to require the mother to file an affidavit setting forth the name, address, telephone phone number, and any other social media contact information for the child's maternal and paternal grandparents, all maternal and paternal aunts and uncles, and all maternal and paternal adult first cousins. The above affidavit is requested in order to provide an initial starting point in seeking to identify relatives as an alternative placement for the child.

Petitioner prays that process issue, directed to the parties hereto, requiring them to appear before this court to answer the allegations of this petition.

[Signature continued]

This 2 4th day of _January_____, 2018.

Christopher M. Carr, 112505
CHRISTOPHER M. CARR, 112505
Attorney General

Annette M. Cowart
ANNETTE M. COWART,  191199
Deputy Attorney General

Shalen S. Nelson
SHALEN S. NELSON, 636575
Sr. Assistant Attorney General

Penny L. Hannah
PENNY L. HANNAH, 323563
Assistant Attorney General

Dena Crim
DENA CRIM
Special Assistant Attorney General

Lori Cheatham
LORI CHEATHAM
Special Assistant Attorney General

SANDERS B. DEEN,  215765
Special Assistant Attorney General

Justin M. Schneider, Sr.
JUSTIN M. SCHNEIDER, SR.
Special Assistant Attorney General

## JURAT

Personally appeared before the undersigned notary public the below named caseworker for

the Cobb County Department of Family and Children Services, who after being first placed on

oath, deposes and says that the facts and information contained in the within and foregoing petition

are true and correct based upon information and belief.

_____
Caseworker

Subscribed and sworn to before me, on information and belief this 24th day

of January _____, 2018.

_____
(Attesting Officer)        (Seal)

Note: The department's caseworker may be contacted as follows: Anthony Jackson

Cobb County Dfcs, 770-528-5000.

## ENDORSEMENT

The above petition is approved to be filed in the best interest of the public and the named children.

_____

(Court Designee)