# Exhibit 4

# Order for Paternity and Child Support (October 28, 2019)

BEFORE THE OFFICE OF STATE ADMINISTRATIVE HEARINGS
STATE OF GEORGIA

DHS, DIVISION OF CHILD SUPPORT
SERVICES, ex rel.

LILYROSE ANNA MORAN
JASMINE MARTINEZ
VALENTINA MORAN
NATALYA SERENA MORAN
GABRIELA MARTINEZ
EMELIZA MARTINEZ
        Petitioner,

v.

ANNALINDA MARTINEZ,
        Respondent.

Docket No.: 19 11518-33

Agency Reference No.: 240027849

FILED OSAH
OCT 28 2019
Yolanda Brown, Legal Assistant

Final

## ORDER FOR PATERNITY AND CHILD SUPPORT

The above-referenced case having been scheduled for hearing on __10/21/19__ and/or the parties having consented to an administrative order, it is hereby ordered that:

a) The Respondent shall notify the Georgia Department of Human Services, Division of Child Support Services (DCSS) within seven (7) days of any change of address, change of employment, receipt of unemployment or workers' compensation payments, and receipt of any income from any source (including, but not limited to, personal injury or other lawsuit proceeds, severance pay, retirement or pension payments, or lottery or other winnings);

b) The Respondent is notified that DCSS will collect support and any arrears and/or fees owed by any and all lawful means and administrative remedies including, but not limited to: suspension of any and all licenses issued by the state and held by the Respondent, including driver's licenses; seizure of any and all financial assets from various sources; issuance of an income withholding order for collection of any amounts owed to the child(ren) or the state of Georgia; or seizure of state or federal income tax refunds;

c) All payments received shall be applied to any current support obligations, then to all other amounts owed by the Respondent and collected by DCSS in such manner as set forth by the Code of Federal Regulations and as deemed appropriate by DCSS. Any amount owed that is not either current support or a cost assessed for the processing of a payment shall be deemed to be arrears. If the Respondent owes any arrears at the time the current support ends for a child or children, by either emancipation or custody change, then the total amount of deduction listed in the income deduction order (IDO) shall continue unreduced until all arrears are paid in full;

d) The Respondent shall pay any applicable Family Support Registry (FSR) fee for each payment pursuant to O.C.G.A. § 19-6-33.1(j) as well as any other fees owed to the state, including those fees due under Georgia law or applicable DHS rules and regulations pursuant to Ga. Comp. R. & Regs. 290-7-1-.05;

DCSS Case# 240027849

FORM OSAH Court Docs 2017
Revised September 11, 2019

e) This Order is subject to the right to request a review and modification by either the custodial parent, non-parent custodian, or non-custodial parent completing an application through their local child support office once every 36 months or upon providing proof of a substantial change in circumstances if less than 36 months as set forth in O.C.G.A. § 19-11-12;

f) The Respondent is notified that, notwithstanding any provision in this Order pertaining to the payment or collection of arrears, the Petitioner retains the right under the law to intercept the Respondent's state and federal income tax refunds if any arrears or interest are owed;

g) Whenever, in violation of the terms of this Order, there is a failure to make the support payments due hereunder so that the amount unpaid is equal to or greater than the amount payable for one month, the payments required to be made may be collected by the process of continuing garnishment for support; and

h) All missed payments of support shall be subject to interest pursuant to O.C.G.A. § 7-4-12.1, but will be collected by DCSS only when authorized by O.C.G.A. § 19-11-7.

IT IS FURTHER ORDERED THAT:

(Only the items marked with an "X" are applicable)

1. **Service and Appearance of the Respondent:**

   _____ The Respondent was served by first class U.S. mail or with process and appeared.
   __✓__ The Respondent was served with process and failed to appear.
   _____ The Respondent waived service and appeared.
   _____ The Respondent waived service and failed to appear.

2. **Paternity and Testing:**

   __✓__ The Respondent is the parent of the minor child(ren) named in the Petitioner's complaint and listed below as a result of paternity test results or as a result of one of the exceptions below:

   | CHILD(REN)'S NAME(S) | CHILD(REN)'S BIRTH YEAR(S) |
   |---|---|
   | LILYROSE ANNA MORAN | XX-XX-2015 |
   | JASMINE MARTINEZ | XX-XX-2003 |
   | VALENTINA MORAN | XX-XX-2009 |
   | NATALYA SERENA MORAN | XX-XX-2011 |
   | GABRIELA MARTINEZ | XX-XX-2004 |
   | EMELIA MARTINEZ | XX-XX-2007 |

   __N/A__ The Respondent has been excluded as the parent of the minor child(ren) named in the Petitioner's complaint and listed below:
   _____
   _____

**EXCEPTIONS TO PATERNITY TESTING REQUIREMENT:**

   _____ The parents are or were married and neither party is disputing the presumption.

DCSS Case# 240027849

FORM OSAH Court Docs 2017
Revised September 11, 2019

_____ The named father signed a paternity acknowledgment pursuant to O.C.G.A. § 19-7-46.1 and neither party wishes to undergo testing.
_____ Testing would not result in disclosure of the person(s) liable for support (Adoption/A.I.).
_____ The Respondent, having failed to appear and answer after proper service of process or having failed to appear for two ordered paternity testing appointment dates, is established as the father of the minor child(ren) listed above by default.
__✓__ The Respondent is the biological mother of the child(ren) listed above.
_____ The Respondent admits under oath that he is the father of the child(ren) listed above and refuses to submit to the paternity testing offered by DCSS.

3. **Income and Guidelines:** This Order incorporates by specific reference this Court's own worksheets and schedules, along with any and all findings of fact made on them, as if they were fully set forth herein. Worksheets and schedules were submitted by the following: (check all that apply)

_____ Mother of child(ren)
_____ Father of child(ren)
_____ Non-parent custodian
__X__ DCSS

__✓__ Income was imputed for the following persons: (check where applicable)
   __✓__ Mother
   __✓__ Father

4. **Reasons for Deviation from the Guidelines:**

__N/A__ This Court made certain deviations from the child support table, which are listed in the attached worksheets and schedules and supported by findings of fact as required on Schedule E of the Child Support Worksheet.

__N/A__ In addition to the deviations listed in the attached worksheets and schedules, this Court found the following reasons for deviating from the child support table, to wit:_____

__N/A__ Within two years of this order it is likely a child(ren) would be ineligible to receive support at which point the subsequent worksheet(s) shall be applicable.

__✓__ This Court finds no special circumstances sufficient to warrant deviation from the child support table.

According to this Court's calculation, the father shall be responsible for __50__% of the child support as well as any unreimbursed medical expenses and other items listed within O.C.G.A. § 19-6-15.

According to this Court's calculation, the mother shall be responsible for __50__% of the child support as well as any unreimbursed medical expenses and other items listed within O.C.G.A. § 19-6-15.

5. **Amount of Current Support:** The Respondent shall pay $__472.00__ per month as current support starting __December 1__, 20__19__, and continuing for so long as it was ordered under the original order, if any, or continuing until the child or each subsequent child attains age 18, dies, marries, or becomes emancipated; provided that said support shall continue, without further order and without interruption, for any child who, on

DCSS Case# 240027849

FORM OSAH Court Docs 2017
Revised September 11, 2019

reaching age 18, is enrolled in and attending secondary school and is not married or emancipated, until such child completes secondary school or reaches age 20, whichever occurs first. Current child support shall pro-rate through the last full day that current support is due.

6. **Redirection:** Should any of the children leave the home of their current custodian, the amount of support for each said child shall be redirected pursuant to Ga. Comp. R. & Regs. 290-7-1-.15. Should the Respondent gain custody of one or more of the children, the amount of current support may be reduced in an amount to represent that child's share of the total amount of support, unless the Respondent owes arrears in which case the same amount of current support should be collected with the amount for the child returned to the Respondent being paid on any outstanding arrears amount, until those arrears are paid in full.

7. **Past-Due Child Support or Other Arrears:**

   ✓ No past-due support or support arrears are due.

   ✓ As of the __30__ day of __September__ 20__19__, the Respondent's arrears are $ __500.00__ .

   ✓ The Respondent is hereby ordered to pay the sum of $ __50.00__ per month towards the child support arrearage, beginning on __December 1__ 20__19__, until all past-due amounts have been paid in full.

   O.C.G.A. § 7-4-12.1.

8. **Accident and Sickness and/or Health Insurance:**

   The obligation to secure and maintain accident and sickness and/or health insurance will remain in effect until such time as no current monetary support is due under this Order.

   __N/A__ The Respondent shall maintain accident and sickness insurance for the minor child(ren) listed above whenever the same is available at reasonable cost as defined by 45 C.F.R. § 303.31. The Respondent shall send a copy of the insurance policy and/or insurance card to DCSS within ten (10) days of the date of this Order, or within ten (10) days of the Respondent obtaining said insurance. The Respondent shall notify DCSS within ten (10) days of the date said insurance becomes available. Failure to provide such coverage may result in direct enforcement of this Order in accordance with O.C.G.A. § 19-11-27. The Respondent or DCSS shall, upon request, provide information to the insurer necessary to meet the ERISA requirements, 29 U.S.C. § 1169, defining a "qualified medical child support order." The provisions of this paragraph are not intended to reduce the level or extent of medical insurance to be provided for the children by the Respondent as required by any previous court order and shall not have that effect.

   __N/A__ This Court finds that the health care needs of the child(ren) listed above are satisfied by their enrollment in a public health care program. Should the minor child(ren) listed above stop receiving coverage under the public healthcare program, the respondent shall maintain accident and sickness insurance for said child(ren) whenever the same is available at a reasonable cost as defined by 45 C.F.R. § 303.31. The Respondent shall send a copy of the insurance policy and/or insurance card to DCSS within ten (10) days of the date of this Order, or within ten (10) days of the Respondent obtaining said insurance. The Respondent shall notify DCSS within ten (10) days of the date said insurance becomes available. Failure to provide such coverage may result in direct enforcement of this Order in accordance with O.C.G.A. § 19-11-27. The Respondent or DCSS shall, upon request, provide information to the insurer necessary to meet the ERISA requirements, 29 U.S.C. § 1169, defining a "qualified medical child support order." The provisions

   DCSS Case# 240027849

FORM OSAH Court Docs 2017
Revised September 11, 2019

of this paragraph are not intended to reduce the level or extent of medical insurance to be provided for the children by the Respondent as required by any previous court order and shall not have that effect.

___✓___ This Court finds that the custodial parent or a non-parent custodian has the child(ren) covered under private accident and sickness insurance.

**9. Payment:** All payments of support and arrears shall be paid through DCSS at such address as said office shall direct. Payments shall be by means of a mandatory income deduction order issued by DCSS or this Court. Until such time as the Respondent's employer/payor deducts payments, the Respondent is responsible for making all payments by sending a correctly identified money order, certified check, cashier's check, or personal check made payable to DIVISION OF CHILD SUPPORT SERVICES at:
Family Support Registry (FSR)
P.O. Box 1600
Carrollton, GA 30112-1600

**10. Income Deduction Order (IDO):**
___✓___ This Court orders DCSS to issue an income deduction order (Federal Form OMB:0970-0154, Order/Notice to Withhold Income for Child Support) to the Respondent's employer/payor and all subsequent employers/payors.

This IDO should be made effective:
( ✓ ) Immediately
(   ) **Upon a delinquency** equal to one month's support. This Court finds that good cause was shown to delay the effective date of this Order. DCSS may issue its IDO by serving a "Notice of Delinquency" on the Respondent as provided in O.C.G.A. § 19-6-32(f).

**AMOUNT:** DCSS shall issue the IDO for the amount of current support due under this Order. DCSS may add to this amount an additional amount for repayment if the Respondent becomes more than 30 days delinquent on his current support or fee accounts. Furthermore, DCSS may add an additional amount for repayment if the Respondent becomes more than 30 days delinquent for fees owed to DCSS, including, but not limited to, past-due paternity testing fees and file maintenance fees, pursuant to O.C.G.A. § 19-6-32. DCSS shall notify the Respondent by first class mail at the Respondent's last known address of its intent to add this extra amount. If the Respondent makes a written objection to the amount of the repayment, a hearing shall be held to hear said objection.

**DURATION:** The DCSS IDO shall supersede any IDO that may have been previously entered in this case. This IDO shall remain in full force and effect until modified, suspended, or terminated by further order of this Court or until such time as the custodial parent terminates the assignment of rights to DCSS, and there are no funds being collected on behalf of a debt owed to the state.

The DCSS IDO and all further papers required to be served pursuant to O.C.G.A. § 19-6-30 et seq., shall be served upon the Respondent by regular mail in accordance with the alternative service provisions of O.C.G.A. § 9-11-4(j).

When the past-due amounts are paid, DCSS shall issue a new IDO for collection of current support only.

**DUTY TO ENSURE COMPLIANCE:** The Respondent is hereby ordered to perform all acts necessary for the proper withholding of the sums stated in this IDO, including delivery of the same

DCSS Case# 240027849

FORM OSAH Court Docs 2017
Revised September 11, 2019

to his/her employer/payor and future employers/payors, and to personally monitor and confirm on an ongoing basis that the payments withheld are timely and properly deducted from Respondent's income and forwarded as ordered, correctly identified with the above case. Failure of the employer/payor to perform under this Order does not relieve the Respondent of the obligation to ensure that payment is made.

**CONSUMER CREDIT PROTECTION ACT:** The maximum amount to be deducted shall not exceed the amounts allowed under § 303(b) of the Consumer Credit Protection Act, 15 U.S.C. § 1673(b), as amended.

**11. Fatherhood Program:**

___N/A___ The Respondent is unemployed/underemployed. Therefore, the Respondent shall appear at such time, place, and date as instructed by DCSS and shall enroll and participate in the Fatherhood Program. If the Respondent fails to appear, to participate in the program, or to complete the program, this fact may be considered in any subsequent proceedings to show that he/she did not make a diligent and bona fide effort to comply with this Court's Order for the payment of child support or to obtain such employment that would allow him/her to make such payments.

**12. Other Matters:**

_____

**13. Fees:**

___✓___ The Respondent shall pay service costs in the amount of $ _50.00_.

___N/A___ The Respondent shall reimburse the state for the cost of paternity testing at the rate of $22.00 per person tested, for a total of $ _____.

Said costs shall be paid by money order/certified or cashier's check on or before _December 1_, 20_19_. Payments should be mailed to DCSS at P.O. Box 2607, Carrollton, Georgia 30112.

SO ORDERED, this _28th_ day of _October_ 20_19_.

_____
Administrative Law Judge

Consented to by:

_Failed to appear despite successful service_
Respondent

_____
Attorney for Respondent

_____
Division of Child Support Services

_____
Attorney for Division of Child Support Services

DCSS Case# 240027849

FORM OSAH Court Docs 2017
Revised September 11, 2019